# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | LA CV 24-5528 PA (SSCx) | Date | September 19, 2024 |
|---|---|---|---|
| Title | Kimberly Frazier v. The Nail Polish House, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – ORDER TO SHOW CAUSE

    Defendant The Nail Polish House ("NPH") has attempted to file an Answer through an individual who is not an attorney. According to the Answer and a supporting Declaration, NPH permanently closed at the location identified in the Complaint filed by plaintiff Kimberly Frazier ("Plaintiff") by April 2024.

    In this Americans with Disabilities Act ("ADA") case, Plaintiff alleges that she went to the business located at 3916 E. 3rd Street, Los Angeles, California, in March 2024, where Plaintiff encountered parking spaces that did not comply with the ADA's requirements. Plaintiff's Complaint asserts violations of both the ADA and state law construction-related accessibility claims. After ordering the Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over the state law claims, and reviewing Plaintiff's Response to the Court's Order to Show Cause, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice. All that remains is Plaintiff's ADA claim.

    Under Title III of the ADA, a plaintiff who has been discriminated against "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" may enforce the ADA through a private suit for an injunction and attorneys' fees. 42 U.S.C. § 12182(a); see also Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.") (citing 42 U.S.C. § 12188(a)(1)). In actions alleging violations of the ADA, the "standing inquiry focuses on the legal standards governing whether [the plaintiff] has suffered an injury-in-fact and whether he has demonstrated a likelihood of future injury sufficient to support injunctive relief." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). "[A]n encountered barrier must interfere with the particular plaintiff's full and equal enjoyment of the facility, making his use of the facility more difficult than a nondisabled individual's, to constitute an injury-in-fact, and that he is required to allege and prove that injury." Id. at 947 n.4. "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 24-5528 PA (SSCx) | Date | September 19, 2024 |
|---|---|---|---|
| Title | Kimberly Frazier v. The Nail Polish House, et al. | | |

for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.' That is, he must establish a 'real and immediate threat of repeated injury.'" Id. at 948 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102 & 111, 103 S. Ct. 1660, 1665 & 1670, 75 L. Ed. 2d 675 (1983)).

"Whenever an action loses its 'character as a present live controversy' during the course of litigation, federal courts are required to dismiss the action as moot." Di Giorgio v. Lee (In re Di Giorgio), 134 F.3d 971, 974 (9th Cir. 1998) (quoting Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir. 1989)); see also L.A. County v. Davis, 440 U.S. 625, 631 (1979) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (quotations and citation omitted). "The underlying concern" of the mootness doctrine "is that, when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S. Ct. 1382, 1390, 146 L. Ed. 2d 265 (2000) (citations omitted). "In that case, any opinion as to the legality of the challenged action would be advisory." Id. "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations and citation omitted).

Because the Answer and supporting Declaration filed by NPH indicate that Plaintiff's ADA claim may be moot, the Court orders the Plaintiff to show cause in writing why Plaintiff's ADA claim should not be dismissed as moot. Plaintiff's response to this order to show cause shall be filed no later than September 27, 2024, and shall be supported by one or more declarations or other admissible evidence substantiating Plaintiff's assertion that ADA relief is still available. The failure to adequately respond to this order to show cause may, without further warning, result in the dismissal of Plaintiff's ADA claim without prejudice.

IT IS SO ORDERED.